

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00740-CR

Susana Lucero **JIMENEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 23-05-085-83-MCRAJA
Honorable Amado J. Abascal III, Judge Presiding

Opinion by:  H. Todd McCray, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: March 4, 2026

AFFIRMED AS MODIFIED

On May 24, 2023, Susana Lucero Jimenez was indicted for the offense of Burglary of a Building. *See* TEX. PENAL CODE ANN. § 30.02(c)(1). Jimenez pled not guilty and was tried by a jury. The jury convicted Jimenez and sentenced her to two years' imprisonment, suspended over five years, and a two-thousand dollar fine.

On appeal, Jimenez's court-appointed appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel confirms that he has reviewed the record and

has determined that there are no arguable grounds to be advanced on Jimenez's behalf. *See id*. at 744-45. With citations to the record and legal authority, counsel concludes that this appeal is frivolous and without merit. *See id.*; *Stafford v. State*, 813 S.W.2d 503, 509–10, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). The brief meets the requirements of *Anders* in presenting a professional evaluation demonstrating why there is no basis to advance an appeal. *See id*.

Further, counsel has provided Jimenez with copies of the brief, his motion to withdraw, and a motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). He has also informed Jimenez of her right to review the record, file her own brief, and seek discretionary review should this court conclude her appeal is frivolous. *See id*. This court subsequently set a deadline for Jimenez to request a copy of the record and to file a pro se brief. Jimenez did not request a copy of the record, nor did she file a pro se brief.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We note, however, that the record reveals a remedial error in the trial court's written judgment. Although the record clearly indicates that Jimenez entered a plea of not guilty, the judgment incorrectly reflects that she entered a guilty plea. We therefore reform the "Plea to Offense" portion of the judgment to show that Jimenez entered a plea of "Not Guilty." *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (authorizing appellate court to reform the judgment to "make the record speak the truth"); *Luna v. State*, No. 04-21-00003-CR, 2022 WL 300734, at *1–2 (Tex. App.—San Antonio Feb. 2, 2022, no pet.) (mem op., not designated for publication)

(modifying judgment to reflect correct plea); *Enriquez v. State*, No. 04-98-00967, 1999 WL 792437, at *1 (Tex. App.—San Antonio Oct. 6, 1999, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect correct plea).

We grant the motion to withdraw filed by Jimenez's counsel, modify the trial court's judgment, and affirm the judgment as modified.[1] *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1; *see also Luna* 2022 WL 300734, at *2; *Enriquez*, 1999 WL 792437, at *1.

H. Todd McCray, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Jimenez wish to seek further review of this case, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure and be filed in the Texas Court of Criminal Appeals within thirty days from either the date of this opinion or the date that the last timely motion for rehearing is overruled by this court. *See* Tex. R. App. P. 68.2-68.4.